UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN FALLIS,<br><br>Defendant. | 3:22-CR-30024-RAL<br><br><br>OPINION AND ORDER DENYING FALLIS'S MOTION TO SEVER COUNTS AND DEFENDANTS FOR TRIAL |

Defendant Stephen Fallis moved to sever counts and co-defendants under Federal Rules of Criminal Procedure 8 and 14. Because joinder is appropriate and does not present a risk of prejudicing the defendant, Fallis's motion to sever is denied.

**I. Procedural History**

Defendants Stephen Fallis and Sativa Looking Cloud were charged in a 10-count superseding indictment with First Degree Burglary (Count III), Assault with a Dangerous Weapon (Counts IV, VI), and Using and Carrying a Firearm During and In Relation to a Crime of Violence (Counts V, VII). Doc. 44. Looking Cloud singularly was charged with First Degree Murder (Count I), Using and Carrying a Firearm During and In Relation to a Crime of Violence (Count II), and Possession of a Stolen Firearm (Count VIII). Fallis singularly was charged with Possession of a Stolen Firearm (Count IX) and Prohibited Person in Possession of a Firearm (Count X).

Fallis filed a Motion to Sever Defendants and to Sever Counts for Trial. Docs. 51, 52. The government responded, Doc. 53, resisting the motion. Specifically, Fallis seeks severance of trial

1

of Counts I–II from III–X under Federal Rules of Criminal Procedure 8(a) and 14. Doc. 51. Fallis seeks severance of trial of defendants under Federal Rules of Criminal Procedure 8(b) and 14. Docs. 51, 52. In the alternative, Fallis seeks to prohibit the use of Looking Cloud's statement at trial under Bruton v. United States, 391 U.S. 123 (1968).

## II. Discussion

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). "If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14." Id. Rule 8 is broadly construed in favor of joinder to promote efficiency. See United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994); see also Zafiro v. United States, 506 U.S. 534, 537 (1993) (joint trials promote efficiency). When determining whether joinder is appropriate under Rule 8, this Court looks only to the allegations contained in the indictment. See United States v. Horse, No. 20-CR-30058-RAL, 2020 WL 5988492, at *1 (D.S.D. Oct. 9, 2020). The United States Court of Appeals for the Eighth Circuit instructs "[j]oinder must be viewed on a case by case basis." Haggard v. United States, 369 F.2d 968, 974 (8th Cir. 1966).

Rule 8 of the Federal Rules of Criminal Procedure provides:

(a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

(b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Rule 14 provides relief when joinder of offenses or defendants "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). In such a situation, "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Id.

## A. Rule 8(a) Joinder of Offenses

Joinder of offenses is appropriate when multiple counts in an indictment "refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." United States v. Rogers, 732 F.2d 625, 629 (8th Cir. 1984) (cleaned up and citation omitted). Here, Fallis seeks to sever the offenses in Counts I and II (which indict Looking Cloud with first degree murder and using and carrying a firearm during and in relation to a crime of violence) from the other six counts which include burglary, assault with a dangerous weapon, using and carrying a firearm during and in relation to a crime of violence, possession of a stolen firearm, and possession of a firearm by a prohibited person. The offenses described in Counts I and II of the indictment are alleged to have occurred on February 17, 2022, while the offenses described in Counts III through X are alleged to have occurred the day prior on February 16, 2022. Docs. 44, 46. The close proximity of the alleged offenses favors joinder. See United States v. Taken Alive, 513 F.3d 899, 903 (8th Cir. 2008) (finding joinder appropriate when alleged crimes were close in proximity and time).

Moreover, the indictment alleges offenses with overlapping evidence. Both Counts I through II and Counts III through VII indict crimes of violence albeit against different victims; however, the government asserts that the victim in Count I was present for the assaults committed by Fallis and Looking Cloud in Counts III through VII the previous day. Doc. 53 at 9. Counts VIII through X indict against the Defendants for possession of firearms used in the alleged violent

3

crimes.[1]  Because the indictment "sufficiently alleged that the joined defendants and counts were factually interrelated," joinder of offenses is proper and Fallis's motion to sever offenses under Rule 8(a) of the Federal Rules of Criminal Procedure is denied.  <u>Darden</u>, 70 F.3d at 1526–27.

### B. Rule 8(b) Joinder of Offenses

Rule 8(b) allows the government to charge two or more defendants in the same indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." <u>United States v. Wadena</u>, 152 F.3d 831, 848 (8th Cir. 1998). "It is not necessary that every defendant have participated in or be charged with each offense." <u>Darden</u>, 70 F.3d at 1527 (cleaned up and citation omitted).  The Supreme Court has expressed "a preference in the federal system for joint trials of defendants who are indicted together." <u>Zafiro</u>, 506 U.S. at 537.

Fallis's motion to sever defendants is denied because commission of the offenses as alleged in the indictment were of the same series of acts and transactions.  As described above, "joinder is generally appropriate when counts are factually interrelated."  <u>United States v. Reaves</u>, No. 8:09CR187, 2009 WL 3643476, at *2 (D. Neb. Oct. 29, 2009).  The government contends the alleged victim in Count I was a co-actor with the Defendants in the burglary as alleged in Count III that occurred the day before his alleged murder. Doc. 53 at 9.  Given the interrelated factual circumstances of the offenses charged against the defendants, it is likely that the evidence regarding each defendants' culpability would overlap and therefore joinder of defendants is

---

[1] The government contends that the firearm offenses alleged in Counts VIII–X involved the firearm used in Counts I–VII.  Doc. 53 at 9.

4

appropriate in this circumstance. See Id. ("Evidence overlaps as to separate offenses if the evidence surrounding one crime could be introduced and properly admitted in a trial for another crime to show intent or identity under Federal Rule of Evidence 404(b)."); see also Taken Alive, 513 F.3d at 903 (involving assaults with factual similarities).

### C. Rule 14

"Under Rule 14 [of the Federal Rules of Criminal Procedure], a district court may sever a defendant's trial from the trial of co-defendants '[i]f it appears that a defendant is prejudiced by a joinder of offenses or of defendants in an indictment or by such joinder for trial together.'" Darden, 70 F.3d at 1527; Fed. R. Crim. P. 14(a). "When joinder is proper under Rule 8, the defendant seeking a severance has the burden to demonstrate how the joint trial prejudiced his or her right to a fair trial." Id. The Supreme Court has instructed that "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro, 506 U.S. at 540. Rather, a district court is to grant a severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539.

A defendant's burden to demonstrate the requisite prejudice under Rule 14(a) has been characterized as "heavy." United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010) (cleaned up and citation omitted). A defendant can meet this burden by showing that "(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." United States v. Sanchez–Garcia, 685 F.3d 745, 754 (8th Cir. 2012) (cleaned up and citation omitted). "Generally, the risk that a joint trial will prejudice one or more of the defendants is best cured by careful and thorough jury instructions." United States v. Davis, 534 F.3d 903, 917 (8th Cir. 2008) (cleaned up and citation omitted).

Here, Fallis has not demonstrated he would be prejudiced by joinder of offenses or defendants. Fallis asserts that evidence of the alleged offenses in Counts I and II against Looking Cloud would taint the evidence against Fallis in Counts III through X. Fallis also asserts that it would improperly cumulate the evidence. Despite these assertions, this Court does not find joinder to be prejudicial. Fallis has failed to demonstrate or explain why his defense is irreconcilable with Looking Cloud's and offers no argument why the jury would be unable to compartmentalize the evidence. See United States v. Condon, No. 3:14-CR-30083-01-02, 2014 WL 6694782, at *6 (D.S.D. Nov. 26, 2014) ("defendant must show an irreconcilable defense with that of a codefendant to justify severance under Rule 14(a)"). In Zafiro v. United States, the Supreme Court of the United States gave some illustrations[2] of instances that may merit severance but none of those situations exist here. 506 U.S. at 539.

In the alternative, Fallis seeks to prohibit the use of Looking Cloud's statements at trial under Bruton, 391 U.S. at 127-28. Fallis anticipates that at a joint trial, the government will introduce the statements made by Looking Cloud as evidence against herself and Fallis. Doc. 52 at 6. If Looking Cloud does not testify, Fallis could be denied his Sixth Amendment right to confront and cross-examine Looking Cloud's regarding her out-of-court statements. Bruton, 391 U.S. at 125; Doc. 52 at 6. Fallis contends that redacting Looking Cloud's statements would not cure prejudice against Fallis. Doc. 52 at 6. The government argues that Fallis's Bruton concerns

---

[2] "For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here." Zafiro, 506 U.S. at 539 (cleaned up and citation omitted).

are overstated. Doc. 53 at 10. The government explains that Looking Cloud claimed sole responsibility for the shots that were fired in Counts III–VII and reported that Fallis had walked outside before she started firing. Doc. 53 at 10. Regarding the offenses alleged in Counts I and II, Fallis ostensibly claimed he was present but asleep at the time of the shooting, while Looking Cloud's statement indicates that he was present. Doc. 53 at 10. The government argues that any Confrontation Clause concerns can be addressed by appropriate jury instructions and/or redactions of Looking Cloud's statement. Doc. 53 at 10.

Fallis counters, citing Bruton and United States v. Logan, 210 F.3d 820 (8th Cir. 2000), that redaction or instruction to the jury would be an insufficient remedy to cure the prejudice against Fallis. When determining whether a statement violates Bruton, courts within the Eighth Circuit evaluate "whether the context is one in which the risk is too great that the jury will not or cannot follow the cautionary instruction to consider the statement solely against the declarant." United States v. Mueller, 661 F.3d 338, 348–49 (8th Cir. 2011). In Logan, the Eighth Circuit stated "we are not uneasy about the efficacy of such an instruction when the relevant confession itself does not implicate the defendant." Logan, 210 F.3d at 822–23.

Based on the limited information about Looking Cloud's statement, this Court believes that a cautionary instruction or redaction of Looking Cloud's statement to omit reference to Fallis would cure any prejudice from the admission of Looking Cloud's statement. Redactions and cautionary jury instructions "provide a means where a joint trial may proceed, even when a co-defendant has made a statement that might, by reference to other evidence, implicate the defendant." United States v. Fast Horse, No. CR 12-30034-01-RAL, 2012 WL 5334740, at *3 (D.S.D. Oct. 26, 2012). The extent to which Looking Cloud's statements may be admissible or how to redact them so that they might be admissible at a joint trial strike this Court as issues best

7

addressed during the pretrial conference and motion hearing and not ones justifying severance of the trial of Fallis from that of Looking Cloud.

### III.  Conclusion and Order

For the reasons explained above, it is

ORDERED that Fallis's Motions to Sever Defendants and Counts for Trial, Doc. 51, is denied.

DATED this 21st day of June, 2022.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE