UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:22-CR-30024-RAL |
| Plaintiff, | |
| | |
| vs. | ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNT XI FOR TRIAL |
| STEPHEN FALLIS, | |
| Defendant. | |

This Court previously denied Defendant Stephen Fallis's motion to sever counts and co-defendants in the Superseding Indictment. See Doc. 54. On January 11, 2023, the Government filed a Second Superseding Indictment, which added an additional count (Count XI) against Fallis for possession of a firearm with an obliterated serial number in violation of 18 U.S.C. 922(k). Doc. 90. Fallis has filed a second severance motion seeking to sever Count XI from the remaining counts for trial. Doc. 92. For the following reasons, Fallis's Motion to Sever Count XI for Trial is denied.

Count XI alleges that between October 9, 2021, and February 17, 2022, Fallis possessed a rifle and handgun, both of which had the manufacturer's serial numbers removed, obliterated, and altered in violation of federal law. Doc. 90. Fallis argues that joining Count XI with the other counts alleged in the second superseding indictment violates Federal Rule of Criminal Procedure 8(a) and that Count XI should be severed under Federal Rule of Criminal Procedure 14. Doc. 96 at 3–4. Even with the addition of Count XI by the Second Superseding Indictment, this Court

remains convinced that any risk of prejudice created by a joint trial on all counts can best be mitigated through careful and thorough jury instructions.

As discussed in this Court's previous opinion and order on Fallis's first motion to sever, "[w]hen a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). "If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14." Id. Rule 8 is broadly construed in favor of joinder to promote efficiency. See United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994); see also Zafiro v. United States, 506 U.S. 534, 537 (1993) (joint trials promote efficiency). When determining whether joinder is appropriate under Rule 8, this Court looks only to the allegations contained in the indictment. See United States v. Horse, No. 20-CR-30058-RAL, 2020 WL 5988492, at *1 (D.S.D. Oct. 9, 2020). The United States Court of Appeals for the Eighth Circuit instructs "[j]oinder must be viewed on a case by case basis." Haggard v. United States, 369 F.2d 968, 974 (8th Cir. 1966).

Rule 8(a) of the Federal Rules of Criminal Procedure provides that an "indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses" are (1) of the same or similar character, (2) based on the same act or transaction, or (3) are connected with or constitute parts of a common scheme or plan. Joinder of offenses is appropriate when multiple counts in an indictment "refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." United States v. Rogers, 732 F.2d 625, 629 (8th Cir. 1984) (cleaned up and citation omitted).

In Fallis's view, Count XI does not compare with any of the other counts charged in the second superseding indictment with respect to any of the above criteria. Doc. 96 at 4–5. This

Court disagrees. Count XI, like the rest of the allegations in the indictment, involves firearm related criminal activity up to and around February 17, 2022. While the unlawful firearms involved in Count XI may not have been used on February 16 or 17, 2022, the indictment alleges that Fallis knowingly possessed the guns at and around the same time. This Court can adequately address the extent to which Fallis's alleged possession of the unlawfully altered firearms may be irrelevant to the other counts in the second superseding indictment during the pretrial conference and motion hearing.

Rule 14 provides relief when joinder of offenses "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). In such a situation, "the court may order separate trials of counts . . . or provide any other relief that justice requires." Id. Fallis contends evidence of the other counts could taint the evidence of the alleged offense in Count XI. Doc. 96 at 5. Fallis believes the jury will not be able to compartmentalize the evidence and might improperly cumulate the evidence of all of the alleged incidents. Id. at 5. Among other cautionary instructions, this Court routinely instructs juries that each count in an indictment charges a separate crime and that they must consider each count separately and return a separate verdict for each count. Fallis's assertions that the jury will not be able to follow instructions are unsupported and unpersuasive. Fallis has failed to demonstrate he would be prejudiced by joinder of the offenses in the second superseding indictment.

Fallis further argues that his Fifth and Sixth Amendment rights will be infringed through a joint trial on all counts, because "were he to desire to testify in his defense as to one count, but elect not to testify on the remaining counts, the jury will adversely use his invocation to not testify on other counts to his detriment[.]" Doc. 96 at 6. "Severance of counts is required on such a basis only when a defendant has made a convincing showing that he has both important testimony to

3

give concerning one count and a strong need to refrain from testifying on the other." United States v. Mann, 701 F.3d 274, 291 n.9 (8th Cir. 2012) (cleaned up and citation omitted). "In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying." Id. (cleaned up and citation omitted). Fallis has not presented *any* evidence to this effect, and accordingly, at this time this Court will not sever Count XI from the joint trial on all counts.

For the reasons explained above, it is

ORDERED that Fallis's Motion to Sever Count XI for Trial is denied.


DATED this 18th day of January, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE